UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMARO TAYLOR, | ) | |
| | ) | **Case No. 16 C 4656** |
| Plaintiff, | ) | |
| | ) | JUDGE Kendall |
| v. | ) | |
| | ) | |
| DETECTIVE KEVIN | ) | |
| DOCHERTY, Star # 20873, and | ) | |
| OFFICER PALOMINO, | ) | |
| Defendants. | ) | JURY DEMAND |

### DEFENDANTS DOCHERTY AND PALOMINO'S PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Detective Kevin Docherty and Detective Ralph Palomino[1] ("Defendants"), by and through one of their attorneys, Mikayla Hamilton, Assistant Corporation Counsel, respectfully request this Honorable Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count II of Plaintiff's Second Amended Complaint [Dkt. No. 41] for failure to state a claim upon which relief may be granted. In support of this motion, Defendants state as follows:

### INTRODUCTION

Plaintiff's underlying allegations revolve around his alleged arrests on two separate occasions. Specifically, Plaintiff alleges that on July 21, 2011 he was arrested for suspicion of having committed the crime of rape. *See* Dkt. No. 41 at ¶¶ 7–8. He further alleges that on the day of his July 21, 2011 arrest, he was allegedly forced to provide a DNA sample in the form of a buccal swab. *Id.* at ¶ 7. Plaintiff alleges that the second arrest occurred on May 8, 2014 as a

---

[1] Plaintiff misspelled Defendant Palomino's name throughout the pleadings, as he spelled it "Palomina." For the purposes of this motion, Defendants will refer to Defendant Palomino with the correct spelling of his name.

1

result of a DNA match made between Plaintiff and the alleged victim *Id.* at ¶¶ 15–17. The second arrest is the only arrest at issue in this case per this Court's prior orders. *See* Dkt. Nos. 8, 12.

Plaintiff generally alleges that Defendants: (Count I) maliciously prosecuted him; (Count II) falsely arrested him without probable cause; and (Count III) illegally searched and seized him without a warrant during an alleged blood draw on May 8, 2014. *See generally* Dkt. No. 41. For the purposes of this motion, Defendants are moving to dismiss Count II, in which Plaintiff alleges that he was falsely arrested without probable cause. *Id.*

## PROCEDURAL BACKGROUND

On April 26, 2016, Plaintiff filed an initial *pro se* Complaint in this matter against the Cook County State's Attorney Anita Alvarez, Assistant State's Attorney John B. Dillon, Rebecca Pinnix, Chicago Police Officer Del, Assistant Public Defender William Woelker, the Chicago Police Department, Chicago Police Officer Kevin Docherty, the City of Chicago, and Cook County. *See* Dkt. No. 1. On May 25, 2016, this Court dismissed Plaintiff's initial complaint without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim. *See* Dkt. No. 8. In this Court's May 25, 2016 Order, the Court dismissed the following parties as they were improper defendants to this suit: Anita Alvarez, Assistant State's Attorney Dillon, Assistant Public Defendant Woelker, Rebecca Pinnix, the Chicago Police Department, the City of Chicago, and Cook County. *Id.* at 3–4. This Court also dismissed Plaintiff's claims relating to his arrest(s) in 2011 or 2012 as untimely under the applicable two-year statute of limitations. *Id.* at 4 (citing *Wallace v. City of Chicago*, 440 F.3d 421, 426–27 (7th Cir. 2006), *aff'd by Wallace v. Kato*, 549 U.S. 384 (2007) (additional citations omitted)). Importantly, this Court dismissed Plaintiff's false arrest claim regarding his 2014 arrest being pursuant to an investigative alert and

not a warrant for failure to state a claim. *See* Dkt. No. 8 at 4–5. This Court also held that all of the claims related to his prosecution were premature, as his criminal case was still on-going at that time. *Id.* at 5. This Court further stated that "while there exists case law regarding malicious prosecution and claims of fabricated evidence that may in some instances give rise to a federal due process claim, *see Saunders-El v. Rohde*, 778 F.3d 556, 559–61 (7th Cir. 2015), those circumstances are not present here." *Id.* Accordingly, this Court dismissed Plaintiff's Complaint without prejudice. *Id.*

On June 7, 2016, Plaintiff filed a *pro se* Amended Complaint ("First Amended Complaint"). *See* Dkt. No. 9. Pursuant to 28 U.S.C. § 1915A, this Court found that Plaintiff may proceed only on his claim of illegal search and seizure against Defendants Docherty and Del[2] based on his allegations of their conduct during his arrest on May 8, 2014. *See* Dkt. No. 12 at 5. All other defendants and claims in Plaintiff's First Amended Complaint were dismissed. *Id.* In Plaintiff's First Amended Complaint he alleged improper arrests in 2011 and 2014, and improper conduct by the police incident to those arrests. *Id.* Plaintiff also appeared to allege due process violations by a prosecutor, his alleged victim (Rebecca Pinnix), and a crime lab technician in his criminal prosecution. *See generally* Dkt. No. 9. Plaintiff also alleged claims against Cook County and the City of Chicago. *Id.* This Court held that the only surviving claim in Plaintiff's First Amended Complaint was the allegation against Chicago Police Detectives Docherty and Del alleging that during his May 8, 2014 arrest, he was unconstitutionally forced to allow medical personnel at Trinity Hospital to draw eight tubes of his blood to use as evidence of prior wrongdoing. *See* Dkt. No. 12 at 2, 4. As stated in this Court's August 3, 2016 Order, the Court

---

[2] Defendants disclosed in open Court that there is not a Chicago Police Officer by the name of "Del," and thus, he is not a proper party to this lawsuit. Further, Officer "Del" is not a named party in the underlying Complaint.

dismissed Plaintiff's false arrest claim relating to his 2014 arrest having been pursuant to an investigative alert and not a warrant. *Id.* 4–5. Additionally, this Court held that Plaintiff's malicious prosecution claim was still premature as his criminal case was still on-going. *Id.* at 5.

On June 29, 2017, this Court recruited attorney Bernard John Bobber to represent Plaintiff for the sole purpose of reviewing Plaintiff's First Amended Complaint to determine whether there was a basis to amend the complaint. *See* Dkt. No. 37. On August 24, 2017, Plaintiff filed a Second Amended Complaint. *See* Dkt. No. 41. In Plaintiff's Second Amended Complaint, he alleges (1) malicious prosecution; (2) illegal seizure of Plaintiff as a result of arrest not supported by probable cause; and (3) illegal search of plaintiff as a result of a warrantless blood draw. *Id.*

## FACTUAL BACKGROUND

In his Second Amended Complaint, Plaintiff sets forth the following allegations. On July 21, 2011, Plaintiff was arrested for a purported rape that occurred in May 2011. *See* Dkt. No. 41 at ¶ 7, 8. Incident to his July 21, 2011 arrest, Plaintiff alleges that he was forced to provide a DNA sample in the form of a buccal swab. *Id.* According to Plaintiff, the victim was examined by a doctor who reported no evidence of vaginal or other trauma, and no apparent injury. *Id.* at ¶ 8. Plaintiff avers that the rape victim refused to provide a blood sample for use as a DNA standard at the time her rape kit was taken and did not provide a standard sample until she submitted a buccal swab on September 12, 2011. *Id.* at ¶ 9. Plaintiff asserts that in 2011, the Cook County State's Attorney's Office dropped the rape charges against him, did not prosecute him, or investigate further. *Id.* at ¶ 10–13. Additionally, Plaintiff alleges that he was told by an Assistant State's Attorney in 2011 that the case against him was being dismissed "SOL" because there was no probable cause. *Id.* at ¶¶ 11, 20.

4

On May 8, 2014, Plaintiff was arrested for a second time as the result of a positive DNA match between him and the rape victim. *Id.* at ¶¶ 15, 17–18. Plaintiff alleges that he was arrested the second time by Defendants Docherty and Palomino. *Id.* at ¶ 17. The May 8, 2014 arrest was based on an investigative alert issued by the Chicago Police Department. *Id.* at ¶ 18. After Plaintiff's May 8, 2014 arrest, Plaintiff asserts that Defendant Docherty informed him that his initial DNA test from 2011 was inconclusive and that they needed to take another sample from him. *Id.* at ¶ 20. Plaintiff alleges that Defendant Docherty's supervisor approved the request for the investigative alert despite the absence of probable cause. *Id.* at ¶ 21. Shortly after Plaintiff was taken into custody, Plaintiff avers that Detective Docherty attempted to get a second buccal swab from him. *Id.* at ¶ 22. However, Plaintiff states that he refused and resisted this request. *Id.* at ¶ 22. Plaintiff alleges that he was then transferred to Trinity Hospital by Defendant Palomino and another officer under the auspices of providing him with treatment for a boil under his arm. *Id.* at ¶ 23. Plaintiff alleges that Defendant Palomino and/or the other officer ordered the hospital staff to restrain the Plaintiff and take Plaintiff's blood against his will, and without a warrant. *Id.* at ¶ 24. Plaintiff complains he was then handcuffed to the hospital bed and that the hospital staff proceeded to draw eight vials of blood from him. *Id.* at ¶ 26. According to Plaintiff, this amount of blood is far more than is required for a typical health assessment blood panel. *Id.* In October 2014, the Circuit Court of Cook County, over Plaintiff's objection, ordered Plaintiff to submit another buccal swab. *Id.* at ¶ 29. Plaintiff alleges, upon information and belief, that the results of the buccal swab taken from Plaintiff in July 2011 were insufficient to connect him with the purported rape. *Id.*

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and

5

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For the purposes of a motion to dismiss under Rule 12(b)(6), the court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." *Indep. Trust Corp. v. Stewart Info. Servs.Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Finally, the factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555.

## ARGUMENT

I. **PLAINTIFF FAILS TO STATE A FALSE ARREST CLAIM AS INVESTIGATIVE ALERTS PROVIDE SUFFICIENT PROBABLE CAUSE FOR ARREST**

    a. **Plaintiff fails to state a false arrest claim because there was sufficient probable cause to arrest him.**

In this Court's May 25, 2016 Order and this Court's August 3, 2016 Order, this Court subsequently dismissed Plaintiff's false arrest claim based on his allegations that his May 8, 2014 arrest was based on an investigative alert and not a warrant. *See* Dkt. No. 8 at 4–5; Dkt. No. 12 at 1–2, 4–5. As stated in this Court's prior orders, Plaintiff failed to state a false arrest claim because his May 8, 2014 arrest was based on an investigative alert. *Id.* As this Court emphasized and as stated by the Seventh Circuit, "[l]ike a warrant, the investigative alert authorized [plaintiff's] arrest because other officers already had made a determination of probable cause." *Id.* (citing *Banks v. Fuentes*, 545 Fed. App'x 518, 521 (7th Cir. 2013); *United States v. Sawyer*, 224 F.3d 675, 680 (7th Cir. 2000); *United States v. Nafzger*, 974 F.2d 906, 912–13 (7th Cir.

1992); *United States v. Longmire*, 761 F.2d 411, 415–16 (7th Cir. 1985)). Furthermore, the Northern District of Illinois has treated investigative alerts as legally sufficient. *See Turner v. City of Chicago*, 2015 WL 7568373, No. 12 CV 9994 (N.D. Ill. November 25, 2015) (granting summary judgment on false arrest claim, finding that defendant officers were entitled to qualified immunity for their reliance on the plaintiff's investigative alert) (Shah, J.); *Sanders v. Cruz*, 2010 WL 3004636, No. 08 CV 3318 (N.D. Ill. July 29, 2010) (Lindberg, J.). Moreover, "probable cause defeats § 1983 claims for false arrest if the arresting officer had probable cause to make the arrest for any reason." *Maniscalco v. Simon*, 712 F.3d 1139, 1144 (7th Cir. 2013); *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) ("[P]robable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause[.]").

Here, it is clear on the face of Plaintiff's Second Amended Complaint that he was arrested on the basis of an investigative alert. *See* Dkt. No. 41 at ¶ 18. Accordingly, as this Court previously stated in its two prior orders on this claim, an investigative alert is a sufficient basis for an arrest because other officers already had made a determination of probable cause. *See* Dkt. No. 8 at 4–5; Dkt. No. 12 at 1–2, 4–5. As such, the officers had probable cause to arrest Plaintiff based on the investigative alert, and thus, any such false arrest claim fails. Accordingly, Plaintiff's false arrest claim (Count II) relating to his May 8, 2014 arrest fails to state a claim to which relief can be granted.

### b. This Court's prior rulings on Plaintiff's false arrest claim are law of the case and thus, must be adhered to.

This Court has previously addressed Plaintiff's false arrest claim twice, and has dismissed Plaintiff's false arrest claim both times. *See* Dkt. Nos. 8, 12. Accordingly, this Court's

decision on this issue is the law of the case, which the Court has no reason to disturb. *See Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) ("The doctrine of law of the case establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit.") (citing *Messinger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912) (Holmes, J.); *Williams v. Commissioner,* 1 F.3d 502, 503–04 (7th Cir.1993); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478, pp. 789–90 (1981)). "Among other things, the law of the case doctrine embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination." *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007) (citing *Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570, 572 (7th Cir. 2006); *Starcon Int'l, Inc. v. N.L.R.B.,* 450 F.3d 276, 278 (7th Cir.2006); *Best v. Shell Oil Co.,* 107 F.3d 544, 546 (7th Cir. 1997)). "This presumption against reopening matters already decided reflects interests in consistency, finality, and the conservation of judicial resources, among others." *Id.* (citing *Analytical Eng'g, Inc. v. Baldwin Filters, Inc.,* 425 F.3d 443, 454 (7th Cir. 2005)). The law of the case doctrine holds that a court's decision regarding a rule of law should continue to govern the same issues in subsequent stages of the same litigation in order to promote efficiency and fairness. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 819, 108 S. Ct. 2166, 2179, 100 L. Ed. D 811 (1988).

Here, this Court has ruled twice on the insufficiency of Plaintiff's false arrest claim, and in particular has held that Plaintiff's argument that his 2014 arrest was pursuant to an investigative alert and not a warrant fails to state a claim. *See* Dkt. No. 8 at 4–5; Dkt. No. 12 at 1–2, 4–5. In Plaintiff's Second Amended Complaint, Plaintiff's allegations and factual basis for his false arrest claim are still based on the same underlying facts pleaded in his original

complaint and the First Amended Complaint, mainly that his 2014 arrest was based on an investigative alert. *See* Dkt. No. 41 at ¶¶ 17–21. Here, there has not been manifest error or a change in the law relating to the sufficiency of investigative alerts. Accordingly, this Court's previous rulings on Plaintiff's false arrest claims are law of the case. Thus, Plaintiff's false arrest claim in Count II of his Second Amended Complaint must be dismissed with prejudice.

WHEREFORE Defendants Docherty and Palomino respectfully request that this Court dismiss with prejudice Plaintiff's false arrest claim (Count II) of Plaintiff's Second Amended Complaint against Defendants and for any other relief that this Court deems just and proper.

Respectfully Submitted,

BY: /s/ *Mikayla Hamilton*
Mikayla Hamilton
Assistant Corporation Counsel

Dana O'Malley, Senior Counsel
Federal Civil Rights Litigation Division
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
312.744.7630
mikayla.hamilton@cityofchicago.org
Atty. No.: 6320743