IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMARO TAYLOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Detective KEVIN DOCHERTY, ) <br> Officer RALPH PALOMINO, ) <br> and JOHN DOEs, ) <br> ) <br> Defendant(s). | Case No. 2016 C 4656 <br><br> Judge Virginia M. Kendall |

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants City of Chicago ("Defendant City"), and Detective Docherty ("Defendant Docherty") and Detective Palomino ("Defendant Palomino") (Detective Defendants collectively as "Individual Defendants"), (all Defendants collectively as "Defendants"), by and through one of their attorneys, Mikayla Hamilton, Assistant Corporation Counsel, for their Answer to Plaintiff's Second Amended Complaint, Affirmative Defenses, and Jury Demand, state as follows:

**Nature of Action, Jurisdiction and Venue**

1. This is an action for damages to redress the deprivation of rights secured to Plaintiff by virtue of the Fourth Amendment to the United States Constitution, as well as his right to be free of unjust and malicious prosecution by representatives of the State of Illinois.

**ANSWER:** Defendants admit this is an action for damages that is brought pursuant to the Fourth Amendment and the laws of the State of Illinois. Defendants deny engaging in any wrongdoing alleged in this Complaint.

2. Jurisdiction of this Court is invoked pursuant to the provisions of 42 U.S.C. § 1983, and 28 U.S.C. § 1331.

1

**ANSWER:** Defendants admit that jurisdiction is proper.

3. Venue is proper by virtue of 28 U.S.C. § 1391(b), in that Defendants reside in the Northern District of Illinois, and all or a substantial part of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER: Defendants admit that venue is proper. Defendants further admit the allegations contained in this Complaint occurred in the Northern District of Illinois. Defendants deny engaging in any wrongdoing alleged in this Complaint.**

## Parties

4. Plaintiff, born November 22, 1977, is a resident of Cook County, IL and is a victim of the malicious prosecution and blatant Fourth Amendment violations perpetrated by the Defendants upon him.

**ANSWER: Defendants admit, upon information and belief, that Plaintiff was born on November 22, 1977 and is a resident of Cook County, Illinois. Defendants deny the remaining allegations contained in this paragraph.**

5. Defendants Docherty, Palomina,[1] and John Does are employed the City of Chicago Police Department ("CPD"). Upon information and belief, Defendants reside in the City of Chicago.

**ANSWER: Individual Defendants admit, and Defendant City admits, upon information and belief, that Defendants Docherty and Palomino are employed by the City of Chicago Police Department and reside in the City of Chicago. Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph as to John Does.**

6. At all times relevant to this Complaint, Defendants acted under the color of law as law enforcement officers.

**ANSWER: Individual Defendants admit, and Defendant City admits, upon information and belief, that at all times relevant to the allegations contained in this Complaint, Defendants Docherty and Palomino acted under the color of law in their capacity as law enforcement officers. Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph as to John Does.**

## Facts

7. Detective Docherty and others of the CPD arrested Plaintiff on July 21, 2011 under suspicion of having committed the crime of rape, and forced Plaintiff to provide a DNA

---

[1] Plaintiff misspells Defendant Palomino's name as he spells it "Palomina" instead of "Palomino." For purposes of this Answer, Defendants will spell Defendant Palomino's name correctly.

sample in the form of a buccal swab. The CPD took a buccal swab sample from Plaintiff's mouth.

**ANSWER: Defendant Docherty and Defendant City, upon information and belief, admit that Defendant Docherty arrested Plaintiff on July 21, 2011 for the suspicion of having committed the crime of rape, and admits that Plaintiff provided a DNA sample in the form of a buccal swab from his mouth. Defendant Docherty and Defendant City, upon information and belief, deny the remaining allegations contained in this paragraph. Defendant Palomino lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

8. The purported rape occurred in May 2011. Shortly after the alleged assault, the alleged victim was examined by a physician who reported finding no evidence of vaginal or other trauma, and no apparent injury.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

9. The alleged victim refused to provide a blood sample for use as a DNA standard at the time her rape kit was taken, and did not provide a standard sample to be compared to her vaginal swabs until she submitted a buccal swab months later on or about September 12, 2011.

**ANSWER: Defendant Docherty and Defendant City, upon information and belief, admit that the alleged victim submitted a buccal swab on or about September 12, 2011, and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph. Defendant Palomino lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

10. In 2011, the State dropped the charge against Plaintiff and did not prosecute him or investigate further.

**ANSWER: Defendant Docherty and Defendant City, upon information and belief, deny the allegations contained in this paragraph. Defendant Palomino lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

11. At the time, an Assistant States Attorney ("ASA") told Plaintiff that the case was dismissed "SOL" because there was no probable cause to believe that he committed the alleged crime.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

12. In 2012, the State did not charge or prosecute Plaintiff. Upon information and belief, neither the State nor the CPD investigated Plaintiff in 2012.

**ANSWER:   Defendant Docherty and Defendant City, upon information and belief, admit that the State did not charge or prosecute Plaintiff in 2012 and deny the remaining allegations contained in this paragraph. Defendant Palomino lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

13.   In 2013, the State did not charge or prosecute Plaintiff. Upon information and belief, neither the State nor the CPD investigated Plaintiff in 2013.

**ANSWER:   Defendant Docherty and Defendant City, upon information and belief, admit that the State did not charge or prosecute Plaintiff in 2013 and deny the remaining allegations contained in this paragraph. Defendant Palomino lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

14.   Between his initial arrest in July 2011, and May 2014, Plaintiff worked multiple times as a skilled tradesman at various nuclear power facilities. These job assignments required Plaintiff to submit to background checks and receive security clearance. He was not only readily findable by and available to law enforcement, he presumably was the subject of background checks performed by or on behalf of law enforcement.

**ANSWER:   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

15.   The CPD claimed that a DNA match between Plaintiff and the alleged victim was allegedly made on March 20, 2014.

**ANSWER:   Defendant Docherty and Defendant City, upon information and belief, admit that there was a DNA match between Plaintiff and the victim on March 20, 2014, and deny the remaining allegations contained in this paragraph. Defendant Palomino lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

16.   No defendant, or any other person affiliated with the CPD or Cook County States Attorney's office, informed Plaintiff the reason for the delay between the swabbing in 2011 and the alleged matching in 2014.

**ANSWER:   Individual Defendants, and Defendant City, upon information and belief, admit that Defendants Docherty and Palomino did not speak with Plaintiff and/or inform him the reason for delay between the swabbing in 2011 and the DNA match in 2014. Defendants deny that the DNA match was alleged, and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.**

17.     On May 8, 2014, Plaintiff was arrested a second time by Defendants Docherty, Palomina and/or another CPD officer, nearly three years after his initial arrest in connection with this matter.

**ANSWER:     Defendant Palomino, and Defendant City, upon information and belief, admit that Defendant Palomino, with the assistance of other CPD officers arrested Plaintiff on May 8, 2014. Defendant Docherty, and Defendant City, upon information and belief, deny that Defendant Docherty arrested Plaintiff on May 8, 2014. Defendants deny the remaining allegations contained in this paragraph.**

18.     The May 8, 2014 arrest was not based on a warrant issued by a judge, but rather on the basis of a so-called "investigative alert" issued by the Chicago Police Department.

**ANSWER:     Individual Defendants, and Defendant City, upon information and belief, admit that Plaintiff's May 8, 2014 arrest was based on investigative alert issued by CPD, and not based on a court-issued warrant, and deny the remaining allegations contained in this paragraph.**

19.     A police officer issuing an investigative alert must do so on the basis of a finding of probable cause.

**ANSWER:     Individual Defendants, and Defendant City, upon information and belief, admit the allegations contained in this paragraph.**

20.     The investigative alert in question was not issued pursuant to the requisite probable cause. An ASA told Plaintiff in 2011 that the case against him was being dismissed "SOL" because there was no probable cause, and Docherty informed Plaintiff in May 2014 that his initial DNA test (from 2011) was inconclusive, and that they needed to take another sample from him.

**ANSWER:     Individual Defendants, and Defendant City, upon information and belief, deny that an investigative alert was issued without the requisite probable cause. Individual Defendants, and Defendant City, upon information and belief, lack knowledge or information sufficient to form a belief about the truth or falsity as to any conversations between the ASA and Plaintiff. Defendant Docherty, and Defendant City, upon information and belief, deny the remaining allegations contained in this paragraph. Defendant Palomino lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in this paragraph.**

21.     Docherty's supervisor, John Doe 1, approved the request for the investigative alert despite the absence of probable cause.

**ANSWER:     Defendant Docherty denies the allegations contained in this paragraph. Defendant Palomino and Defendant City, upon information and belief, deny the allegations contained in this paragraph.**

5

22. Shortly after taking Plaintiff into custody in May 2014, Docherty attempted to get a second buccal swab from the Plaintiff at the police station following his arrest, however the Plaintiff refused and resisted.

**ANSWER: Defendant Docherty and Defendant City, upon information and belief, admit that in May 2014 after Plaintiff's arrest Defendant Docherty requested a buccal swab from Plaintiff at the police station. Defendant Docherty and Defendant City, upon information and belief, further admit that Plaintiff refused to submit to the buccal swab, but deny the remaining allegations contained in this paragraph. Defendant Palomino lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph.**

23. Palomino and another CPD officer, John Doe 2, transferred Plaintiff to Trinity Hospital under the auspices of providing him with treatment for a painful skin condition, a boil under his arm.

**ANSWER: Defendant Palomino and Defendant City, upon information and belief, admit that Plaintiff was taken to Trinity Hospital for treatment of Plaintiff's complained of skin conditions, and lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in this paragraph. Defendant Docherty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph.**

24. Palomino and/or John Doe 2 ordered hospital staff to restrain the Plaintiff and take Plaintiff's blood against his will, and without a warrant.

**ANSWER: Defendant Palomino and Defendant City, upon information and belief, deny the allegations contained in this paragraph. Defendant Docherty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph.**

25. Plaintiff was handcuffed to a hospital bed and hospital staff proceeded to draw eight vials of blood from Plaintiff, far more than would be required for a typical health assessment blood panel as Defendants claimed the blood was being drawn for.

**ANSWER: Defendant Palomino, upon information and belief, and Defendant City, upon information and belief, admits that Plaintiff was handcuffed to the hospital bed at some point during his treatment at Trinity Hospital, and lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in this paragraph. Defendant Docherty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph.**

26. During the warrantless blood draw, the hospital staff was directed by Palomino and/or John Doe 2.

6

**ANSWER: Defendant Palomino, and Defendant City, upon information and belief, deny the allegations contained in this paragraph. Defendant Docherty lacks or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph.**

27. As Plaintiff writhed in extreme pain during the surgical treatment of his skin condition, without adequate anesthetic, Palomino grinned and said to Plaintiff the following or similar words, "Payback is a bitch, isn't it?"

**ANSWER: Defendant Palomino and Defendant City, upon information and belief, deny the allegations contained in this paragraph. Defendant Docherty lacks or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph.**

28. Defendants and other members of the CPD then incarcerated Plaintiff.

**ANSWER: Individual Defendants, and Defendant City, upon information and belief, admit that Plaintiff was incarcerated subsequent to arrest. Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in this paragraph.**

29. In October 2014, the Circuit Court granted the prosecutor's motion, over Plaintiff's objection, to require him to submit to yet another buccal swab. The prosecuting attorney presenting the motion to the Court represented that obtaining another buccal swab from Plaintiff "was necessary" for the prosecution. Upon information and belief, the results of buccal swab taken from Plaintiff in July 2011 were insufficient to demonstrate his connection to any crime.

**ANSWER: Defendant Docherty and Defendant City, upon information and belief, admit that in October 2014 the Circuit Court of Cook County granted the prosecutor's motion requiring Plaintiff to submit a buccal swab. Defendant Palomino lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether the Circuit Court of Cook County granted the prosecutor's motion requiring Plaintiff to submit a buccal swab. Individual Defendants, and Defendant City, upon information and belief, deny that the results of the buccal swab taken from Plaintiff in July 2011 were insufficient to demonstrate his connection to any crime. Individual Defendants, and Defendant City, upon information and belief, lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in this paragraph.**

30. Defendants imprisoned Plaintiff until May of 2017 when Plaintiff was finally released. Yet Plaintiff never was convicted of nor even tried for the alleged rape, despite demanding trial numerous times dating back to and including May 15, 2014.

**ANSWER: Individual Defendants, and Defendant City, upon information and belief, deny that they imprisoned Plaintiff until May of 2017 when Plaintiff was released.**

**Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in this paragraph.**

## COUNT I
## Malicious Prosecution

31.     Plaintiff repeats and re-alleges paragraphs 1-30, and incorporates the same by reference herein.

**ANSWER:     Defendants incorporate and re-state their answers to paragraphs 1 through 30 as pled in this Complaint as fully set forth herein.**

32.     42 U.S.C. § 1983 allows Plaintiff to bring suit in federal court against government officials who has deprived him of a right guaranteed by any state.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

33.     Illinois law prohibits the malicious prosecution of an individual by representatives of the State. Malicious prosecution is indicated by: 1) commencement of criminal proceedings by defendants against the plaintiff; 2) termination of that matter in favor of the plaintiff; 3) no probable cause for the proceedings; 4) malice; and 5) resulting damages. Gonzalez v. City of Elgin, 578 F.3d 526, 541 (7th Cir. 2009).

**ANSWER:     Defendants admit that these are the elements of malicious prosecution, but deny any wrongdoing as alleged herein.**

34.     The Defendants commenced criminal proceedings against the Plaintiff when they arrested him on May 8, 2014 and retained him in custody.

**ANSWER:     Individual Defendants, and Defendant City, upon information and belief, deny the allegations contained in this paragraph.**

35.     Plaintiff did not receive a trial in 2014, 2015, 2016, 2017, or ever.

**ANSWER:     Upon information and belief, Individual Defendants, and Defendant City, admit that Plaintiff did not have a trial in his underlying criminal case.**

36.     The charges against Plaintiff were dropped and dismissed.

**ANSWER:     Individual Defendants, and Defendant City, lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph.**

37.     The matter was terminated in favor of the Plaintiff when he was released from custody in May of 2017 without having received any trial for the alleged crime.

**ANSWER: Individual Defendants, and Defendant City, upon information and belief, deny the allegations contained in this paragraph.**

38. Defendants purportedly based their probable cause for arrest on an alleged DNA match that did not exist at the time of their warrantless arrest of Plaintiff on May 8, 2014.

**ANSWER: Individual Defendants, and Defendant City, upon information and belief, deny the allegations contained in this paragraph.**

39. Defendants demonstrated malice by arresting and detaining Plaintiff for approximately three years, knowing full well that there was no valid DNA match at the time of arrest and that the victim was entirely untrustworthy and her story was incredible, and/or by waiting some 2 1/2 years to analyze samples take in 2011, and/or by inflicting substantially more pain on Plaintiff during the hospital treatment following his May 2014 arrest and taking delight in the pain Plaintiff suffered.

**ANSWER: Individual Defendants, and Defendant City, upon information and belief, deny the allegations contained in this paragraph.**

40. Defendants' malicious prosecution of Plaintiff resulted in Plaintiff losing three years of his life and his pursuit of economic gain and intimate contact with his children and other members of his family.

**ANSWER: Individual Defendants, and Defendant City, upon information and belief, deny the allegations contained in this paragraph.**

## Damages

41. Defendant's conduct, in violation of Illinois law, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to: loss of liberty, lost wages, loss of intimate contact with his family, and damage to his reputation.

WHEREFORE, Plaintiff prays for relief in the form of a Judgement:

    a. Awarding damages for pain and suffering incurred as a result of three years of his life that were stolen from him by the Defendants;
    b. Awarding him an amount equal to his lost wages;
    c. Awarding him attorney's fees and all costs and expenses associated with this litigation;
    d. Such other relief as this Court deems just and appropriate.

**ANSWER: Individual Defendants, and Defendant City, upon information and belief, deny the allegations contained in this paragraph. Defendants further deny the above request and instead request judgment in their favor including costs and any other such relief as this Court should deem appropriate.**

## COUNT II
**Illegal Seizure of Plaintiff as a Result of Arrest not Supported by Probable Cause**

***Defendants Docherty, Palomino, and Defendant City make no answer to Count II because they have filed a Partial Motion to Dismiss [Dkt. No. 51] on this Count.**

## COUNT III
**Illegal Search of Plaintiff as a Result of Warrantless Blood Draw**

48. Plaintiff repeats and re-alleges paragraphs 1-47, and incorporates the same by reference herein.

**ANSWER: Defendants incorporate and re-state their answers to paragraphs 1 through 41 as pled in this Complaint as fully set forth herein.**

49. 42 U.S.C. § 1983 allows Plaintiff to bring suit in federal court against government officials who have deprived him of a right guaranteed by the United States Constitution.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

50. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures.

**ANSWER: Defendants admit the allegations contained in this paragraph, but deny any wrongdoing as alleged herein.**

51. For a search, or a blood draw, to be constitutionally valid, or reasonable, it must be based in a finding of probable cause.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

52. For the reasons stated above, there was no probable cause for a search at the time of Plaintiff's arrest on May 8, 2014.

**ANSWER: Individual Defendants, and Defendant City, upon information and belief, deny the allegations contained in this paragraph.**

## Damages

53. Defendant's conduct, in violation of the United States Constitution, was the direct and proximate cause of Plaintiff suffering severe damages, including but not limited to: loss of liberty, loss of intimate contact with his family, loss of wages, and damage to his reputation.

WHEREFORE, Plaintiff prays for relief in the form of an Order:

    a.    Awarding damages for pain and suffering incurred as a result of three years of his life that were stolen from him by the Defendants;
    b.    Awarding an amount equal to his lost wages;
    c.    Awarding his attorney's fees and all costs and expenses associated with this litigation;
    d.    Such other relief as this Court deems just and appropriate.

**ANSWER: Individual Defendants, and Defendant City, upon information and belief, deny the allegations contained in this paragraph. Defendants further deny the above request and instead request judgment in their favor including costs and any other such relief as this Court should deem appropriate.**

**AFFIRMATIVE AND OTHER DEFENSES**

1. Defendants Detective Docherty and Detective Palomino are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's complaint, a reasonable officer, objectively viewing the facts and circumstances then confronting these Defendants, could have believed his actions regarding his encounter with Plaintiff to be lawful, in light of clearly established law and the information that he possessed. Detective Docherty and Detective Palomino are therefore entitled to qualified immunity on Plaintiffs' claims under federal law. *See, e.g., Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000).

2. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") protects local public employees from liability for actions committed "in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Willful and wanton conduct is "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety or others or their property." 745 ILCS 10/1-210. Thus, because Defendants were acting in the execution and enforcement of the law and

11

because their alleged acts or omissions did not constitute willful or wanton conduct, they cannot be held liable.

3.    Detective Docherty and Detective Palomino are absolutely immune from civil liability for any claim that they committed, or conspired to commit, perjury in the course of their testimony during the judicial proceedings in Plaintiff's underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 325, 330-31, 103 S. Ct. 1108, 1113 (1983); *Rehberg v. Paulk*, 132 S.Ct. 1497 (2012); *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 141-42, 692 N.E.2d 347, 349-50 (3d Dist. 1998); *see also Khorrami v. Rolince*, 539 F.3d 782, 789 (7th Cir. 2008)(noting that the Seventh Circuit has recognized that absolute immunity extends to a police officer's participation in pretrial proceedings).

4.    Detective Docherty and Detective Palomino cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

5.    Plaintiff fails to state a claim for unlawful detention brought pursuant to *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 921, 197 L. Ed. 2d 312 (2017).

6.    To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in the case.

7.    Plaintiff is not entitled to attorney's fees for his state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kern v.*

*Engelke*, 76 Ill.2d 154, 166 (1979); *Miller v. Pollution Control Board*, 267 Ill. App. 3d 160 (4th Dist. 1994).

8. As to Plaintiff's state law claims, Defendants are not liable because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which the City of Chicago and its employees are immune from liability. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201 (2014).

9. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") protects local public employees from liability for actions committed "in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Willful and wanton conduct is "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210. Thus, because Detective Docherty and Detective Palomino, were acting in the execution and enforcement of the law and because their alleged acts or omissions did not constitute willful or wanton conduct, they cannot be held liable.

10. As to Plaintiff's state law claims, Detective Docherty and Detective Palomino are not liable because a public employee, as such and acting within the scope of his employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2014).

11. As to Plaintiff's state law claims, Detective Docherty and Detective Palomino are not liable for any of the claims alleged because a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (2014).

13

12. Any demand for punitive damages related to state law claims are barred by the Tort Immunity Act. 745 ILCS 10/2-102 (2014)

13. The City of Chicago is not liable to Plaintiff for any federal claims for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

14. The City of Chicago is not liable for punitive damages under both 42 U.S.C. § 1983 and state law. *See City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981); 745 ILCS 10/2-102.

15. In the instant case the City of Chicago is entitled to immunity under 745 ILCS 10/2-109 of the Tort Immunity Act which states that a local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable.

## JURY DEMAND

Defendants Detective Docherty and Detective Palomino demand a jury trial for all issues so triable.

    Respectfully Submitted,

BY:   /s/ *Mikayla Hamilton*
      Mikayla Hamilton
      Assistant Corporation Counsel

Dana O'Malley, Senior Counsel
Federal Civil Rights Litigation Division
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
312.744.7630
mikayla.hamilton@cityofchicago.org
Atty. No.: 6320743

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMARO TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2016 C 4656 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| Detective KEVIN DOCHERTY, | ) | |
| Officer RALPH PALOMINO, | ) | |
| and JOHN DOEs, | ) | |

Defendant(s).

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

BERNARD J. BOBBER
Ogletree Deakins
1243 N. 10th Street, Suite 200
Milwaukee, Wisconsin 53205
Tel.: (414) 239-6401
Bernard.bobber@ogletree.com
VIA CM/ECF

Jamaro Taylor
6128 S. Greenwood Ave
Chicago, IL 60637
VIA Certified Mail

    **PLEASE TAKE NOTICE** that on this 30th day of October 2017, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**, a copy of which is herewith served upon you.

    I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to all counsel of record, and via Certified Mail to Jamaro Taylor at the address shown above on this 30th day of October 2017.

                                                  */s/ Mikayla Hamilton*
                                                 Mikayla Hamilton
                                                 Assistant Corporation Counsel