UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMARO TAYLOR, | ) | |
| | ) | **Case No. 16 C 4656** |
| Plaintiff, | ) | |
| | ) | JUDGE Kendall |
| v. | ) | |
| | ) | |
| DETECTIVE KEVIN | ) | |
| DOCHERTY, Star # 20873, and | ) | |
| OFFICER PALOMINO, | ) | |
| Defendants. | ) | JURY DEMAND |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS DOCHERTY AND PALOMINO'S PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Detective Kevin Docherty and Detective Ralph Palomino[1] (collectively "Defendants"), by and through one of their attorneys, Mikayla Hamilton, Assistant Corporation Counsel, for their reply in support of their Partial Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby state as follows:

**INTRODUCTION**

Defense Counsel was contacted by Plaintiff on November 13, 2017, where Plaintiff requested more time to file his Response Motion to Dismiss through and including January 2018 due to his current work schedule. Defendants agreed to this extension. However, as of the date of this filing, no such request or response was filed by Plaintiff. Accordingly, Defendants hereby submit their Reply.

---

[1] Plaintiff misspelled Defendant Palomino's name throughout the pleadings, as he spelled it "Palomina." For the purposes of this motion, Defendants will refer to Defendant Palomino with the correct spelling of his name.

Plaintiff filed this action against Defendants Detective Docherty and Detective Palomino. *See generally* Pl.'s 2nd Am. Compl. (Dkt. No. 41). Defendants filed a Partial Motion to Dismiss Count II of Plaintiff's Second Amended Complaint for failure to state a false arrest claim, as investigative alerts provide sufficient probable cause for arrest. *See generally* Dkt. No. 51. Specifically, Defendants moved to dismiss Count II on the following grounds: (1) Plaintiff fails to state a false arrest claim because there was sufficient probable cause to arrest him; and (2) this Court's prior rulings on Plaintiff's false arrest claim are law of the case and thus, must be adhered to. *Id.*

## ARGUMENT

I. **Plaintiff Fails to Address the Specific Arguments Made in Defendant's Motion to Dismiss.**

   a. **Plaintiff Fails to Respond to Defendants' Argument Regarding Plaintiff's Failure to State a False Arrest Claim Because There was Sufficient Probable Cause to Arrest Him.**

Plaintiff fails to make any response to Defendants' argument regarding the dismissal of Plaintiff's false arrest claim on the basis that his arrest was based on an investigative alert. As this Court has previously ruled, Plaintiff's allegations that his May 8, 2014 arrest was based on an investigative alert and thus, had the requisite probable cause. *See* Dkt. Nos. 8, 12. Furthermore, this Court and the Seventh Circuit held that the investigative alert "authorized [plaintiff's] arrest because other officers already had made a determination of probable cause." *See* Dkt. No. 8 at 4–5; Dkt. No. 12 at 1–2, 4–5 (citing *Banks v. Fuentes*, 545 Fed. App'x 518, 521 (7th Cir. 2013); *United States v. Sawyer*, 224 F.3d 675, 680 (7th Cir. 2000); *United States v. Nafzger*, 974 F.2d 906, 912–13 (7th Cir. 1992); *United States v. Longmire*, 761 F.2d 411, 415–16 (7th Cir. 1985)). As Plaintiff failed to respond to Defendants' argument regarding his false arrest claim, any opposition is waived. *G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th

Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted).

### b. Plaintiff Fails to Respond to Defendants' Argument that this Court's Prior Rulings on Plaintiff's False Arrest Claim are Law of the Case and Thus, Must be Adhered To.

Plaintiff fails to make any specific response to Defendants' argument addressing that this Court has previously ruled on Plaintiff's false arrest claim twice, and has dismissed Plaintiff's false arrest claim both times. *See* Dkt. Nos. 8, 12. Accordingly, this Court's decision on this issue is the law of the case, which the Court has no reason to disturb. *See Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) ("The doctrine of law of the case establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit.") (citing *Messinger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912) (Holmes, J.); *Williams v. Commissioner,* 1 F.3d 502, 503–04 (7th Cir.1993); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478, pp. 789–90 (1981)). As such, any opposition is waived. *G & S Holdings LLC*, 697 F.3d at 538. Thus, this Court's prior rulings dismissing Plaintiff's false arrest claim is law of the case, and must be dismissed with prejudice.

### CONCLUSION

Plaintiff has waived his ability to respond to Defendants' Partial Motion to Dismiss by failing to file his motion for an extension and by failing to respond to Defendants' Partial Motion to Dismiss. Accordingly, for the reasons identified in Defendants' Partial Motion to Dismiss and for the foregoing reasons, Defendants Docherty and Palomino respectfully request that this Court

dismiss with prejudice any and all claims in Count II of Plaintiff's Second Amended Complaint relating to the false arrest claim and for any other relief that his Court deems just and proper.

                        Respectfully Submitted,

BY:    /s/ *Mikayla Hamilton*_____
           Mikayla Hamilton
           Assistant Corporation Counsel

Dana O'Malley, Senior Counsel
Federal Civil Rights Litigation Division
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
312.744.7630
mikayla.hamilton@cityofchicago.org
Atty. No.: 6320743