# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMARO TAYLOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DETECTIVE KEVIN DOCHERTY, ) <br> *et al.*, ) <br> ) <br> Defendants. ) | Case No. 16 C 4656 <br><br> Hon. Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jamaro Taylor was arrested in May 2014. While he was still in custody, he initiated this 42 U.S.C. § 1983 action for violations of his Fourth Amendment rights. Currently before the Court is Defendants', Chicago Police Detectives Kevin Docherty and Ralph Palomino, motion to dismiss (Dkt. 51) Count II of Plaintiff's Second Amended Complaint, which alleges that they arrested Plaintiff without probable cause. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## BACKGROUND[1]

As relevant to Defendants' motion, Plaintiff Jamaro Taylor was arrested by Defendant Docherty on July 21, 2011 on rape charges. According to Plaintiff, Defendant Docherty forced Plaintiff to provide a buccal swab DNA sample at this time. (Dkt. 41) at ¶ 7. The victim provided a DNA sample in September 2011. Sometime thereafter, the charges against Plaintiff were dropped. Taylor contends that an assistant state's attorney told him that the case was

---

[1] The facts are drawn from Plaintiff's second amended complaint. For the purposes of Defendants' motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. *See Williamson v. Curran*, 714 F.3d 432, 435 (7th Cir. 2013).

1

dismissed because "there was no probable cause to believe that he committed the alleged crime." *Id*. at ¶ 11.

More than two years later, on May 8, 2014, Plaintiff was arrested by Defendants Docherty and Palomino (and possibly a third officer). The arrest was based on an investigative alert—approved by Defendant Docherty's supervisor (John Doe 1)—that was issued by the Chicago Police Department ("CPD") after it had discovered a DNA match "between Plaintiff and the alleged victim" in March 2014. *Id*. at ¶¶ 15, 21. Plaintiff alleges that, although investigative alerts typically must be issued on the basis of a finding of probable cause, the investigative alert at issue here was issued without the "requisite probable cause" and also that John Doe 1 approved the investigative alert "despite the absence of probable cause." *Id*. at ¶ 19–20. Plaintiff bases his assertion that probable cause was lacking on two things: (1) the prior allegation that an assistant state's attorney had told him in 2011 that there was no probable cause to believe he committed the rape; and (2) that Defendant Docherty allegedly told Plaintiff (after his 2014 arrest) that his 2011 DNA test was inconclusive and needed to be redone. *Id*. at ¶ 20. Because of the DNA issues, Defendant Docherty attempted to take a new sample by buccal swab, which Plaintiff refused. Plaintiff then was taken to a hospital, where blood samples were taken against his will at the direction of Defendant Palomino. *Id*. at ¶¶ 22–26. Eventually, Plaintiff was released from custody in May 2017.

Proceeding *in forma pauperis* and *pro se* while still in custody, Plaintiff filed the instant civil rights lawsuit on April 26, 2016. His original complaint, which named various police officers, prosecutors, and a public defender, was dismissed without prejudice by this Court pursuant to 28 U.S.C. § 1915A for failure to state a claim for various reasons, including that Plaintiff's claim for unlawful arrest was insufficiently pled. *See* (Dkt. 8) at 4–6. Plaintiff was

given the opportunity to file an amended complaint. *See id.* Plaintiff's amended complaint fared slightly better, as his claims for illegal search and seizure on arrest against two CPD detectives—Docherty and "Del"—were allowed to proceed. (Dkt. 12). As the case continued, the Court appointed counsel for the limited purpose of reviewing Plaintiff's complaint and determining whether there was a basis to file another amended complaint. (Dkt. 37). As a result, Plaintiff, now with the benefit of counsel, filed a Second Amended Complaint on August 24, 2017. (Dkt. 41). The Second Amended Complaint asserts three claims against Defendants Docherty and Palomino as well as John Does 1 and 2: (1) malicious prosecution; (2) unlawful arrest; and (3) unlawful search and seizure of his DNA following arrest. *See generally id.* On October 30, 2017, Defendants Docherty and Palomino moved to dismiss the unlawful arrest claim (Count II). *See* (Dkt. 51). Plaintiff did not file a response opposing the motion in accordance with the briefing schedule set by the Court or at any other time. *See* (Dkt. 54) (setting briefing schedule). Nevertheless, Defendants submitted a reply in support of their motion on November 21, 2017. *See* (Dkt. 55).

## **LEGAL STANDARD**

Defendants' seek dismissal of Count II under Federal Rule of Civil Procedure 12(b)(6), which challenges its legal sufficiency. For a claim to survive a motion to dismiss brought pursuant to Rule 12(b)(6), it must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the complaint contains factual content that supports a reasonable inference that the defendants are liable for the harm. *Id.* In making the plausibility determination, the Court relies on its "judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The complaint should be dismissed only if the

3

plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations. *Christensen v. Cty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007) (citations omitted). For purposes of this motion, the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in Plaintiff's favor. *See Williamson v. Curran*, 714 F.3d 432, 435 (7th Cir. 2013).

## ANALYSIS

Defendants make two arguments in favor of dismissing Count II: first, that Plaintiff fails to state a claim for unlawful arrest because "there was sufficient probable cause to arrest him" based on the investigative alert, and second, that the Court's prior rulings dismissing Plaintiff's earlier attempts at stating an unlawful arrest claim "are law of the case" require dismissal. *See* (Dkt. 55) at 2. Defendants' arguments, however, fail (with one exception) because they neglect to appreciate that Plaintiff's unlawful arrest claim has been amended from its initial iterations to add allegations that the investigative alert was issued in the absence of probable cause.

**A.     Law of the Case**

The Court first analyzes Defendants' law-of-the-case argument. Even without any opposition by Plaintiff, this argument fails. The doctrine of the law of case provides that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (quoting *Ariz. v. Cal.*, 460 U.S. 605, 618 (1983)). In other words, when a ruling has been made in an earlier phase of litigation, that ruling controls the later phases unless a good reason is shown to depart from that ruling. *Tice v. Am. Airlines, Inc.*, 373 F.3d 851, 853 (7th Cir. 2004). When determining if the "law of the case" applies to a current issue, "it is critical to

4

determine what issues were actually decided in order to define what is the 'law' of the case." *Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 532 (7th Cir. 1982).

Here, in his original and First Amended Complaints, which Plaintiff drafted without the assistance of counsel, Plaintiff alleged that his arrest was unlawful because it was based on an investigative alert instead of a warrant. *See, e.g.*, (Dkt. 1) at 9 (In 2014, "[t]he States Attorney's Office shared the computer generated results with the C.P.D. who then only sought an investigative alert 'not a warrant' to arrest me. At no time was there a warrant for my arrest for the alleged crime, not even until this day."); (Dkt. 13) at 9 ("I was arrested by an Investigative Alert and not a warrant where there are no constitutional safeguards. A warrant is issued by a neutral and detached member of the Judiciary. Investigative Alerts are issued by police officers who are not neutral or detached."). Faced with these allegations, the Court explained to Plaintiff that his claim of being arrested pursuant to an investigative alert instead of a warrant did not—on its own—state a claim for unlawful arrest in light of Seventh Circuit case law holding that arrests based on investigative alerts are constitutional. *See* (Dkt 8) at 4–5 and (Dkt 12) at 4–5 (both citing *Banks v. Fuentes*, 545 F. App'x 518, 521 (7th Cir. 2013) ("Like a warrant, the investigative alert authorized [plaintiff's] arrest because other officers already had made a determination of probable cause") (citing *United States v. Sawyer*, 224 F.3d 675, 680 (7th Cir. 2000); *United States v. Nafzger*, 974 F.2d at 912–13 (7th Cir. 1992); *United States v. Longmire*, 761 F.2d 411, 415–16 (7th Cir. 1985))). Accordingly, the Court found that Plaintiff's original and First Amended Complaint lacked sufficient allegations to state a claim for unlawful arrest in violation of the Fourth Amendment.

Notably, the Court construed Plaintiff's *pro se* complaints liberally and did not dismiss Plaintiff's unlawful arrest claim with prejudice on either occasion. *See Bausch v. Stryker Corp.*,

630 F.3d 546, 562 (7th Cir. 2010) ("Generally, if a district court dismisses for failure to state a claim, the court should give the party one opportunity to try to cure the problem, even if the court is skeptical about the prospects for success."). As a result, Plaintiff, with the assistance of counsel recruited by the Court, filed a Second Amended Complaint that asserts an amended unlawful arrest claim. Specifically, Plaintiff again alleges that he was arrested on account of an investigative alert, and he now alleges that the investigate alert was issued in the absence of probable cause, which Plaintiff supports with additional allegations. *See* (Dkt. 41) at ¶¶ 18–21, 43–46. As this recitation makes clear, Count II as pled in the Second Amended Complaint is not identical to the unlawful arrest claims in either Plaintiff's original or first amended complaint, and as such, the Court has not yet had the occasion to consider whether the 2014 investigative alert was issued without probable cause. *See Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 231 (7th Cir. 1988) ("As a general rule, the [law of the case] doctrine does not extend to issues not presented or decided . . ."). Allowing Count II to proceed, therefore, does not require that the Court reconsider, revisit, or depart from either of its prior rulings. *See, e.g.*, *Aleman v. Dart*, 2010 WL 4876720, at *3 (N.D. Ill. Nov. 23, 2010) (declining to apply the law of the case doctrine because "[s]everal differences exist between the amended complaint and the second amended complaint that prevent this Court from applying the . . . doctrine to the operative complaint."). In other words, the Court has not yet ruled on the unlawful arrest claim as it is presently before the Court, and therefore, there is no law of the case bar. *See Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009) (law of the case doctrine did not apply when the picture of the case changed with the amended cross-complaint). This is because an amended complaint supersedes and replaces the original complaint, rendering the original

complaint void. Previous complaints that have been dismissed no longer exist. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).

**B.     Unlawful Arrest**

The Court next considers whether Count II is sufficiently pled against Defendants Docherty and Palomino. Generally, a person arrested pursuant to a facially valid warrant—or investigative alert, *Banks*, 545 F. App'x at 521 (investigative alerts, like warrants, permit arrests because they are supported by a determination that probable cause exists)—cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation. *Baker v. McCollan*, 443 U.S. 137, 143 (1979); *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017) ("Probable cause acts as an absolute bar to a claim for false arrest."). However, there is a recognized exception for situations where a warrant was obtained through false representations to the issuing authority or by officers who recklessly disregarded the truth in order to secure the warrant. *See Malley v. Briggs*, 475 U.S. 335, 345 (1986); *Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir. 1985). In order to state a claim for false arrest when the arrest is made pursuant to a warrant, the plaintiff must allege that either the warrant was facially invalid or that the officers who made the arrest knew that the warrant had been issued without probable cause. *Williamson*, 714 F.3d at 443–44; *see also Juriss v. McGowan*, 957 F.2d 345, 350–51 (7th Cir. 1992) (where the "officers responsible for bringing about an unlawful arrest knew that the arrest warrant had issued without probable cause," the existence of a facially valid warrant does not preclude a Fourth Amendment claim).

Here, Plaintiff does not allege that the investigative alert was facially invalid. But giving Plaintiff the benefit of the inferences to which he is entitled at the pleading stage, Plaintiff has alleged facts from which an inference can be drawn that Defendant Docherty knew that there

7

was no probable cause to arrest Plaintiff in 2014 despite the investigative alert. Accordingly, the Court cannot say that there is no relief that could be granted against Defendant Docherty under any set of facts that could be proved consistent with Plaintiff's claim. Plaintiff's allegations are clear—he claims that Defendant Docherty knew that Plaintiff's 2011 DNA test was "inconclusive" and still arrested Plaintiff on the investigative alert that was predicated on Plaintiff's DNA. In addition, Plaintiff alleges that Docherty's supervisor approved the request for the investigative alert absent probable cause. Taken together, these allegations are sufficient to withstand a motion to dismiss the claim against Defendant Docherty. *See, e.g.*, *Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 986 (N.D. Ill. 2009) (denying motion to dismiss false-arrest claim because complaint alleged that defendant officers manufactured evidence against plaintiff and thus adequately alleged that he was arrested without probable cause).

The Second Amended Complaint, however, lacks allegations that would create a similar inference with regard to Defendant Palomino. In particular, the complaint does not allege that Defendant Palomino was involved in Plaintiff's 2011 arrest or that he otherwise had knowledge of the prior proceedings or the circumstances supporting the 2014 investigative alert. The complaint thus lacks any allegations to indicate or infer that Defendant Palomino made false representations to the issuing authority or recklessly disregarded the truth in order to secure the alert, and accordingly, Count II is dismissed as to Defendant Palomino.

## **CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion to dismiss Count II as to Defendant Palomino and denies Defendants' motion to dismiss Count II as to Defendant Docherty. The Court has now provided the Plaintiff with three opportunities to amend his

pleadings and he now has the assistance of recruited counsel. As such, discovery shall commence on the Second Amended Complaint with the limitation set forth in this opinion.

_____
Hon, Virginia M. Kendall
United States District Judge

Date: May 21, 2018